UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ROLFI ESPINAL,

                    Petitioner,

         -against-

H. QUAY, III,

                    Respondent.
---------------------------------------------------------X

**REPORT AND RECOMMENDATION**
17 CV 1312 (LDH) (CLP)

**POLLAK**, Chief United States Magistrate Judge:

    On April 3, 2017, petitioner Rolfi Espinal ("petitioner"), proceeding *pro se*,[1] filed a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254, challenging the terms of a sentence for theft of public money in the United States District Court, District of Massachusetts. In this petition, petitioner claims that the Bureau of Prisons ("BOP") abused its discretion by failing to adequately consider the statutorily enumerated factors for determining the duration of petitioner's Residential Recovery Center ("RRC") placement.

    Since petitioner was released from the RRC on December 19, 2017, having completed his term there, the Court respectfully recommends that the petition be dismissed as moot. In the alternative, because this claim is substantively without merit, and because it does not represent a procedure or decision that was contrary to, or an unreasonable application of, clearly established federal law, the petition should be denied on those grounds.

---

[1] This petition is reviewed under the well-established liberal construction afforded to filings by *pro se* petitioners, as more fully discussed in Licausi v. Griffin, 460 F. Supp. 3d 242, 255–60 (E.D.N.Y. 2020), appeal dismissed, No. 20 CV 1920, 2020 WL 7488607 (2d Cir. 2020).

FACTUAL BACKGROUND

Petitioner was arrested on December 3, 2015, based on a twenty-six-count indictment filed in the District of Massachusetts. (U.S. Crim. Docket,[2] ECF No. 9). On April 15, 2016, petitioner entered a plea of guilty to Counts Three, Four, and Five of the indictment, charging him with theft of public monies, in violation of 18 U.S.C. § 641. (Id., ECF No. 37). Following the guilty plea, petitioner was sentenced by the Honorable Nathanial M. Gorton of the U.S. District Court of the District of Massachusetts to a term of 18 months imprisonment on each count, to be served concurrently, to be followed by a term of three years of supervised release on each count, also to be served concurrently. Petitioner was also ordered to pay $13,500.00 in restitution to the IRS and a $300 Special Assessment. (Id., ECF No. 46). Petitioner served his term of imprisonment at the Metropolitan Detention Center ("MDC") in Brooklyn; the term concluded on December 19, 2017. (Pub. Info.[3] at 2; Pet'r's Br. at 1[4]).

On September 26, 2016, BOP staff completed an Individualized Reentry Plan ("IRP") for petitioner. (Childress Decl.[5] ¶ 8). IRPs are typically completed 19 months prior to an inmate's expected release date and they outline objectives for the inmates to complete before their release. (Id. ¶ 7). The IRP developed for petitioner set forth the BOP's determination that petitioner

---

[2] Citations to "U.S. Crim. Docket" refer to the U.S. District Court Criminal Docket attached to the Response to Order to Show Cause, filed on July 28, 2017, ECF No. 11-1, Exhibit A.

[3] Citations to "Pub. Info." refer to the Public Information Inmate Data Form attached to the Response to Order to Show Cause, filed on July 28, 2017, ECF No. 11-2, Exhibit B.

[4] Citations to "Pet'r's Br." refer to the Petition for Writ of *Habeas Corpus* and attached addenda, filed on April 3, 2017, ECF No. 1. Citations to page numbers within "Pet'r's Br." refer to the pagination generated by ECF.

[5] Citations to "Childress Decl." refer to the Declaration of James Childress attached the Response to Order to Show Cause, filed on July 28, 2017, ECF No. 11-3, Exhibit C.

2

would spend the final three months of his sentence at an RRC, beginning on September 28, 2017. (Id. ¶ 8).

On January 30, 2017, pursuant to BOP policy, petitioner filed an Inmate Request for Informal Resolution with the BOP, seeking reconsideration of the IRP's recommendation that he serve only three months at an RRC, and asking that he be afforded the "maximum allowable RRC placement that [would] provide [him] with a fair and propitious opportunity to reintegrate into society." (Gov't Resp.[6] at 2 (quoting Pet'r's Br. at 39)). On February 15, 2017, the petitioner's counselor responded to his request, advising petitioner that given his sentence date and "having a release residence, your initial recommendation will not change." (Id.) The counselor further noted that if petitioner felt he needed more time at the RRC, he could spend a portion of his supervised release term there. (Id.)

On February 22, 2017, petitioner filed a Request for an Administrative Remedy, claiming that the BOP had "abused its authority in making erroneous, off hand, glib determination [sic]" that he was "ineligible for consideration of up to six months RRC placement." (Id. at 43). In this request, petitioner also alleged that the BOP failed to adequately explain the reasoning behind its decision to decline to extend his RRC placement to a six-month period. (Id.) The MDC's warden, H. Quay ("the Warden"), responded to petitioner's complaint on March 8, 2017, concluding that the request for reconsideration was unwarranted. (Id. at 41-2). In particular, the Warden stated that, in light of the factors for consideration enumerated in 18 U.S.C. § 3621 (b), "a 3-month RRC placement is of sufficient duration to provide [petitioner] with successful reintegration into the community." (Id.)

---

[6] Citations to "Gov't Resp." refer to the government's Response to Order to Show Cause, filed on July 28, 2017, ECF No. 11.

3

On March 14, 2017, BOP staff completed a revised IRP regarding petitioner. (Gov. Resp. at 2 (citing Pet'r's Br. at 39)). This revised draft noted petitioner's progress since the previous review and recommended RRC placement "in a range between 0-null days." (Pet'r's Br. at 39). Following the review, BOP staff confirmed that the review's reference to "0-null days" meant only that the BOP's recommendation for RRC placement had not changed. (Childress Decl. ¶ 9).

On March 19, 2017, petitioner filed a Regional Administrative Remedy Appeal to the appropriate regional director. (Pet'r's Br. at 47). This appeal relied on the same arguments as those previously filed and, like the previous appeals, was denied. (Gov't Resp. at 3). Petitioner then filed a Central Office Administrative Appeal on May 1, 2017, asserting the same arguments as before. Ian Conners ("Conners"), the BOP Administrator of National Inmate Appeals, denied this appeal on June 12, 2017, stating: "[n]o inmate is entitled to either RRC placement or placement of a specific duration. Staff are afforded broad discretion in reaching their decision and you have provided no evidence that staff displayed racial bias towards you in regard to your RRC recommendation." (Emergency Addendum[7] at 4). In denying the appeal, Conners mistakenly stated that "[t]he record reflects [petitioner's] Unit Team submitted [petitioner] for a 150 to 180 day placement in a RRC." (Id.)

Following his appeal to the Regional Director and prior to filing his Central Office Administrative Appeal, petitioner filed the instant *habeas* petition on April 3, 2017.[8] In support of his request for a longer stay at an RRC, petitioner claimed that his confirmed release address

---

[7] Citations to "Emergency Addendum" refer to the Emergency Addendum and attached addenda, filed on July 17, 2017, ECF No. 10.

[8] The petition was originally assigned to the Honorable Roslynn M. Mauskopf. On July 6, 2021, the case was reassigned to the Honorable LaShann DeArcy Hall and the undersigned.

4

"is now null and void," that he lacked "exceptional financial ties," and that his Bachelor's degree did not render him employable, as it is from an "insular College in the Dominican Republic." (Pet'r's Br. at 37). In a subsequent letter filed on July 17, 2017, petitioner sought to amend his *habeas* petition in light of Conners' statement that petitioner had been submitted for a 150- to 180-day placement in an RRC. In this letter, petitioner inaccurately characterized Conners' statement as ordering that petitioner be granted 150 to 180 days at an RRC. (Emergency Addendum at 2).

On July 6, 2021, this case was referred to the undersigned to prepare a Report and Recommendation.

## DISCUSSION

### I. Exhaustion

As a threshold matter, the Court analyzes whether petitioner exhausted his administrative remedies prior to seeking *habeas* review.

Before filing a *habeas* petition, "federal prisoners must exhaust their administrative remedies." Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001) (citing Guida v. Nelson, 603 F.2d 261, 262 (2d Cir. 1979). The exhaustion requirement "protect[s] the authority of administrative agencies, limit[s] interference in agency affairs, develop[s] the factual record to make judicial review more efficient, and resolv[es] issues to render judicial review unnecessary." Owusu-Sakyi v. Terrell, No. 10 CV 507, 2010 WL 3154833, at *3 (E.D.N.Y. Aug. 9, 2010) (citing Beharry v. Ashcroft, 329 F.3d 51, 62 (2d Cir. 2003)).

Accordingly, before challenging the conditions of his confinement through a *habeas* petition, an inmate must exhaust each of the four steps enumerated in the BOP's Administrative Remedy Program. Specifically, an inmate must proceed by: "(1) attempting to resolve the issue

5

informally, see 28 C.F.R. § 542.13; (2) submitting a formal written Administrative Remedy Request to the institution at which the inmate is housed within twenty days of the date on which the basis for the complaint occurred, see id. § 542.14; (3) appealing an unfavorable decision at the institutional level to the Regional Director of the BOP within twenty calendar days of the date the Warden signed the response, see id. § 542.15; and (4) appealing an unfavorable decision at the regional level to the BOP's General Counsel within thirty calendar days of the date the Regional Director signed the response." Owusu-Sakyi v. Terrell, 2010 WL 3154833, at *3.

Although the Court may raise the issue of exhaustion *sua sponte*, see Trest v. Cain, 522 U.S. 87, 90 (1997), here, the government, in responding to petitioner's *habeas* papers, noted that the petitioner "had not exhausted his administrative remedies at the time of his April 201[7] petition," but that at the time of the government's response, petitioner had "now done so by appealing to and obtaining a response from BOP's Central office." (Gov't Resp. at 3 n.2).

"[T]he exhaustion requirement for Section 2241 petitions is prudential, not statutory," and courts may excuse a petitioner's failure to exhaust under certain conditions. Pimentel v. Gonzales, 367 F. Supp. 2d 365, 371 (E.D.N.Y. 2005) (holding that "courts have frequently waived exhaustion requirements in Section 2241 challenges . . . on the grounds that exhaustion would be futile"). Here, petitioner was seeking immediate transfer to an RRC. An administrative remedy, such as petitioner's appeal to BOP's Central Office, that could take many months, "provides no genuine opportunity for adequate relief." Fournier v. Zickefoose, 620 F. Supp. 2d 313, 317 (D. Conn. 2009). Since "pursuing administrative remedies would have been

futile," id., it is respectfully recommended that petitioner's failure to exhaust administrative remedies at the time of filing the petition be excused and the exhaustion requirement waived.[9]

II.   Mootness

As noted, petitioner sought *habeas* relief on the grounds that the BOP abused its discretion by failing to adequately consider the statutorily enumerated factors for determining the duration of petitioner's RRC placement.  However, given that petitioner was scheduled for release from the MDC on September 28, 2017 and his term of imprisonment expired on December 19, 2017, the Court respectfully recommends that the petition is now moot and therefore should be dismissed.

"Once the convict's sentence has expired, . . . some concrete and continuing injury other than the now-ended incarceration . . . – some 'collateral consequence' of the conviction – must exist if the suit is to be maintained." Zielinski v. Linaweaver, No. 14 CV 3798, 2015 WL 9286000, at *3 (S.D.N.Y. July 13, 2015), report and recommendation adopted, 2015 WL 9302832 (S.D.N.Y. Dec. 21, 2015) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)); see also Karamoke v. U.S. Homeland Security, No. 09 CV 4089, 2009 WL 2575886, at *1 (S.D.N.Y. Aug. 20, 2009) (holding that "[w]hen a habeas petitioner challenges solely his detention, but is subsequently released prior to removal, courts routinely dismiss the petition as moot, finding no persisting case in controversy") (citation omitted).  As the court in Zielinski v. Linaweaver noted, "[w]hile [the petitioner] was in custody at the time he filed his petition, which conferred

---

[9] Petitioner addresses the issue of exhaustion in his *habeas* petition.  He argues that pursuing further administrative appeals would have been futile because of his belief that "[t]he minds of the BOP officials are made up on this issue." (Pet'r's Br. at 11).  In addition, petitioner cites his mistaken belief that his previous appeal resulted in the termination of his recommended RRC placement.  (Id. at 13).  However, neither of petitioner's arguments address his need for immediate relief.

habeas corpus jurisdiction on the court, the fact that he is no longer in custody and claims no collateral consequence resulting from his conviction demonstrate that no actual controversy exists that would entitle [him] to relief." Zielinski v. Linaweaver, 2015 WL 9286000, at *4.

Although neither party has addressed the issue of mootness, courts have found similar petitions to be moot within the context of RRC placement.[10] See id. (dismissing *habeas* petition seeking RRC placement as moot because petitioner "does not dispute that he has been released from custody and is not subject to a term of supervised release, and he does not argue that, based on the underlying conviction, a collateral consequence or actual injury exists at this time or will attend him in the future"); cf. Buczek v. Maiorana, 526 F. App'x 152, 154 (3d Cir. 2013) (dismissing *habeas* petition for earlier RRC placement as moot because petitioner "has not claimed any collateral consequences based on delayed commencement of any term of supervised release that he may be serving, and such a claim would be insufficient in light of his recent release from custody"). Here, while neither petitioner nor respondent has addressed the potential existence of collateral consequences that would serve as an exception to mootness, the conditions of respondent's confinement point strongly to the absence of such consequences.

The key issue raised by the instant *habeas* petition concerns the environment in which petitioner was to serve the last months of his 18-month sentence. The duration of petitioner's

---

[10] Courts have also found similar petitions to be moot within the context of deportation. See, e.g., Jackson v. Holder, 893 F. Supp. 2d 629, 631 (S.D.N.Y. 2012) (finding petitioner's *habeas* petition challenging his continued detention to be moot because "the petitioner was removed from the United States and is no longer 'in custody'"); Johnson v. Reno, 143 F. Supp. 2d 389, 391 (S.D.N.Y. 2001) ("A habeas corpus petition seeking release from (INS) custody is moot when the petitioner is no longer in (INS) custody"); Ramirez v. INS, 86 F. Supp. 2d 301, 303–04 (S.D.N.Y. 2000) (dismissing petition as moot because petitioner "failed to advance any argument regarding collateral consequences, and even though he appears pro se, we cannot make this argument for him") (quoting Sule v. INS, No. 98 CV 1090, 189 F.3d 478 (table), 1999 WL 668716 at *2 (10th Cir. Aug.27, 1999)).

sentence was not in question, nor was his place of confinement for most of the sentence. Given his expected release date of December 2017, he has long ago served his term in the RRC and his request for reconsideration of that period is clearly moot. Moreover, although petitioner was sentenced to three years of supervised release, that term expired in December 2020. While there are circumstances where the modification of a term of supervised release could constitute "effective release" and serve as an exception to mootness, see Levine v. Apker, 455 F.3d 71, 77 (2d Cir. 2006), here petitioner is no longer under a term of supervised release and thus, there are no collateral consequences to which he could cite that would serve as an exception to mootness.

Accordingly, it is respectfully recommended that the petition be dismissed as moot.

II.     The Merits of the Petition

Even if petitioner were still in custody and the claim was not moot, and even according the petition the solicitous treatment afforded to *pro se* pleadings, the petition is without merit and there are no grounds to support *habeas* relief.

As the government correctly notes, "[a] habeas petition pursuant to 28 U.S.C. § 2241 is the appropriate mechanism for challenging a federal inmate's RRC placement." (Gov't Resp. at 3-4 (citing Thompson v. Choinski, 525 F.3d 205, 209 (2d Cir. 2008)). Indeed, "[t]his court has long interpreted [Section] 2241 as applying to challenges to the execution of a federal sentence, 'including such matters as the . . . type of detention and prison conditions.'" Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001).

Placement in an RRC is governed by 18 U.S.C. § 3624(c)(1). As amended by the Second Chance Act, Section 3624(c)(1) provides that "[t]he Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner . . . spends a portion of the final months of [their] term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable

9

opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). (See Gov't Resp. at 4). In making its determination, "[t]he BOP has discretionary authority in directing the place of imprisonment as well as the transfer of federal prisoners to RRCs." Owusu-Sakyi v. Terrell, 2010 WL 3154833, at *5 (citing 18 U.S.C. § 3621(b)).

So long as the BOP considers the factors set forth in 18 U.S.C. § 3621(b),[11] "[t]he BOP may place a prisoner where it wishes." Mueses v. Terrell, No. 10 CV 1701, 2010 WL 4365520, at *4 (E.D.N.Y. Oct. 27, 2010) (citing Levine v. Apker, 455 F.3d at 82 (quoting Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 245 (3d Cir. 2005)). "Therefore, in order for a court to order the BOP to reconsider its placement recommendation, the court must find that the BOP has abused its discretion by failing to consider statutory factors." Mueses v. Terrell, 2010 WL 4365520, at *4 (citing Fournier v. Zickefoose, 620 F. Supp. 2d at 318). A court can only order the BOP to reconsider an inmate's RRC placement if the "federal inmate can demonstrate that the BOP failed to consider the § 3621(b) factors and instead applied an invalid regulation in reaching its determination." Johansson v. Strada, No. 12 CV 5296, 2012 WL 6093534, at *4 (E.D.N.Y. Dec. 7, 2012) (quoting Thomas v. Terrell, No. 10 CV 512, 2012 WL 1745434, at *3 (E.D.N.Y. May 15, 2012)).

In his filings, the petitioner argues that the BOP failed "to identify and explain the denial" of his appeals "in accordance with Congress' plainly expressed statutes: 18 U.S.C. [§] 36[2]1 & 18 U.S.C. [§] 3624." (Pet'r's Br. at 43). However, neither of these statutes require that

---

[11] The factors are: "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence . . . and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28." 18 U.S.C. § 3621(b).

10

the BOP explain its consideration of the appeal. Rather, it is sufficient that the BOP declares that it has considered the factors enumerated in 18 U.S.C. § 3621(b) and that petitioner is unable to demonstrate that the BOP failed to consider these factors. Johansson v. Strada, 2012 WL 6093534, at *4. Here, the IRP completed in 2016 explicitly stated that "[c]onsideration has been given to the following factors (Second Chance Act): Facility Resources, Offense, Prisoner, Characteristics, Sentencing Commission." (Pet'r's Br. at 45). Moreover, in his response to petitioner, the Warden reiterated that the recommendation for placement was based on the factors set out in Section 3621(b). (Pet'r's Br. at 41-2). Apart from complaining that the BOP had not explained its rationale, petitioner fails to present anything to demonstrate that the proper factors were not considered.

Petitioner notes that the BOP Unit Team stated in a response that "given your sentence and having a release residence[,] your initial recommendation will not stand." (Pet'r's Br. at 25). Petitioner claims that "[t]he first part of this clause alluding to petitioner's 'sentence' (presumably, the length of his sentence) is a vestige from the past 2002 and 2005 BOP Policy and Rule that was invalidated by the Federal Courts as impermissibly constraining BOP RRC placement in contravention of the broad discretion afforded to the BOP by statute." (Id.) (parenthetical in original). However, while it is true that consideration of an inmate's sentence is not mandated by either 18 U.S.C. § 3621(b) or 18 U.S.C. § 3624(c), consideration of an inmate's sentence is also not prohibited. See Daraio v. Lappin, No. 08 CV 1812, 2009 WL 303995, at *5 (D. Conn. Feb. 9, 2009), adhered to on reconsideration, 2009 WL 712363 (D. Conn. Mar. 13, 2009) (holding that: "[a]lthough the BOP must consider all five statutory factors in its placement determination, the list is non-exclusive"); Levine v. Apker, 455 F.3d at 86 (holding that: "We read the [Section] 3621 factors as non-exclusive, and this certainly permits the BOP to consider

11

the portion of time served in making placements, but such an unlisted factor cannot unilaterally and categorically supplant the statutory list").

Petitioner has failed to present any evidence that the BOP abused its discretionary authority in reaching its determination that petitioner should spend the last three months of his sentence at an RRC. There is no evidence to suggest that the BOP failed to consider the statutory factors set forth in 18 U.S.C. § 3621(b) or that the BOP relied on impermissible considerations in exercising its authority in making its recommendation. Thus, while the Court respectfully recommends that the petition be dismissed as moot, in the alternative, having reviewed the merits of petitioner's claim, and finding no basis upon which to conclude that the BOP abused its discretion in determining that petitioner should spend the last three months of his term of imprisonment at an RRC, the Court respectfully recommends the petition be denied in its entirety.

## CONCLUSION

Having considered petitioner's claim and finding it to be moot, and without merit in any event, it is respectfully recommended that the petition be dismissed.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

The Clerk is directed to send copies of this Report and Recommendation to the parties

12

either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
July 29, 2021

/s/ Cheryl L. Pollak
Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York